No. 81.—Lorenzo D. Davis, plaintiff in error, *vs.* Alsey B. Barker, defendant in error.

An execution is valid, issued upon a confession of judgment, which appears on the writ, and which has been registered together with the declaration and judgment, upon the permanent records of the court, although the clerk has omitted to enter said confession upon the *minutes.*

An entry of confession of judgment, on the declaration of file in the clerk's office, is sufficient, in the absence of all proof, to discredit the memorandum, to authorize the court wherein it was made, to have it transcribed on its minutes at any subsequent term, in order to preserve their harmony.

No *notice* to the defendant is necessary, to warrant an application to the court, to enter said confession, *nunc pro tunc.*

Is it necessary that a confession of judgment, which is the act of the party only, should appear on the minutes ? And can a claimant after issue joined, and a trial on the merits, except to the regularity of the previous proceedings in the cause ? *Quere ?*

For the facts of the case, and the errors assigned, the reader is referred to the opinion of the Supreme Court.

John W. H. Underwood, and William Martin, for the plaintiff in error, made the following points :

1st. Process may be amended by the instructions given the clerk ;

2d. The plea roll may be amended by the imparlance roll ;

3d. The verdict may be amended by the recollection of the judge ;

4th. The judgment may be amended by another part of the record, if the judgment will be thereby affirmed ;

5th. If important rights are likely to be jeoparded, amendments will be allowed, that would otherwise be refused ;

6th. The record was sufficiently full, and ought to have been allowed to go to the jury ;

And submitted the following authorities :—1 *Bac. Abr.* 154, 157, 159,

164 to 167; 1 *Kinne's Comp.* 15; 1 *Hill's Rep.* 167, 209, 239; 2 *Hill's Rep.* 451, 476; *Schley's Dig.* 130, 136; 1 *Tidd's Prac.* 660–1–2; 1 *Jac. Law Dic.* 85 to 90.

. H. and T. R. R. Cobb, for the defendant in error.

*By the Court*—LUMPKIN, Judge.

An execution, issued from the Superior Court of Lumpkin county, in favor of Lorenzo D. Davis, against one Elias Turner, and was levied on two slaves, which were claimed by Alsey B. Barker. At March term, 1846, the cause stood for trial on the appeal—Judge Wright, presiding. The *fi. fa.* was offered in evidence and rejected by the court, and the levy ordered to be dismissed, upon the ground that the confession of judgment by the defendant had never been entered on the minutes of the court, although endorsed on the declaration, and enrolled with the other proceedings.

It was moved to have the confession entered *nunc pro tunc* and overruled.

At the adjourned term of the court in June, a new trial was applied for on the grounds, that the court had erred in repelling the execution, and in refusing the motion to supply the defect in the minutes. The application was denied, the court adhering to its former decision upon both points, whereupon, counsel for the plaintiff in execution excepted.

There is no complication in the facts of this case, and we will come, therefore, at once to the errors assigned to the opinion of the circuit judge.

Formerly, the rules of law were much more rigorous, with respect to amendments, than they are at present. The several statutes of *jeofails* show this: Edward 1, says Britton, granted to the justices, to record the several pleas, pleaded before them, but they were not to erase their records so as make them justify their own misdoings, *nor amend them.* And this ordinance, we are told, was so rigidly observed, that when Justice Hengham, in the reign of that monarch, moved with compassion for the circumstances of a poor man, who was fined 13s. 4d., erased the record and made it 6s. 8d., he was fined 800 marks, with which a clock-house, at Westminster, was built and furnished with a clock. As to the clock, however, it seems there is some incredulity growing out of a chronological difficulty, clocks not having been in use till a century afterwards.

*Now,* it is hard to prescribe a limit to the power and practice of the courts, in regard to amendments. Even as far back (1780) as *Eddowes* vs. *Hopkins,* (*Douglas,* 376,) Lord Mansfield said: " It was impossible to believe there was such an absurdity in the law, as that a mere mistake of the officer should be without a remedy." And he mentioned the case of one Gibson, who had been tried for robbing Mr. Francis, and convicted; and a mistake being discovered in the verdict, upon consultation with all the judges at his chambers, it was corrected from minutes signed by the jury, and the prisoner executed.

And in the case of *Mara* vs. *Quin,* 6 *Term Rep.* 1, the court, *forti manu,* with strong hand, allowed the judgment to be signed, filed, and docketed, as of a day, two years in fact before it was obtained, *because it advances*

*the purposes of jus. ce.* And Lord Kenyon, Chief Justice, made this memorable declaration : " The forms of the court are always best used when they are made subservient to the justice of the case."

In *Mechanics' Bank* vs. *Minturn*, 19 *John. Rep.* 244, the clerk of the court of the interlocutory judgment against the endorser, made a mistake in the assessment of damages, by calculating the interest for one year less than the actual time, and the attorney of the plaintiff, without observing the mistake, filed the report of the assessment and entered final judgment thereon, and on receiving payment of the amount and costs acknowledged satisfaction, which was entered of record.	Upon the payment over of the money to his client, the mistake was detected, but the defendant refused to rectify it.	The court, on motion for that purpose, ordered the entry of satisfaction of the judgment, and all proceedings in the cause, subsequent to the interlocutory judgment, to be vacated ; and the report of the clerk of the assessment of damages, and the record of the judgment and the satisfaction thereof, to be taken off the files of the court, and canceled, and the damages to be re-assessed by the clerk, allowing the defendant credit for the amount paid by him.

In *Hancock's case*, 1 *Saund.* 336, *note* 10, it is laid down that if a judgment be entered *de bonis propriis*, instead of *de bonis testatoris, si*, &c., it is considered as a mere clerical mistake, which the court below will amend on motion, even after the record has been removed by error, and argument had in the Court of Error.

The Court, in *Short* vs. *Coffin*, 5 *Burrow*, 2730, permitted a similar amendment.	And Lord Mansfield, in delivering its opinion, called it a *mere mistake of the clerk.*	And he cited the case of *Chapman* vs. *Gale*, 2 *Lev.* 22, where a like amendment had been allowed as a *misprision of the clerk*, upon the affidavit of the attorney, that he gave his clerk instructions to enter the judgment up according to the plea.

In *Close* vs. *Gillespey*, 3 *John. Rep.* 518, a judgment had been entered upon a warrant of attorney, and the same was regularly signed and docketed ; but by the negligence of the attorney, the plea of the defendant was not signed, nor was the name of the defendant's attorney inserted in the record.	The plaintiff was allowed to amend the record *nunc pro tunc, though a subsequent judgment had been entered up against the defendant, in which a preference was claimed.*

Here, it will be perceived that there was no regular judgment until the plea was signed.	But the court, in furtherance of justice, made valid a proceeding which before was nugatory.

In *affirmance* of the judgment, (and it will be observed, that there is much more latitude and liberality displayed by the court, in allowing amendments which go to *uphold* judgments, instead of to *defeat them;* the judgment itself may be set right by another part of the record, in a fact which appears to be the *misprision* or *neglect of the clerk*, as in the mistake of the names of parties, and such like.

In debt against A, the judgment was *quod prædictus B capiatur*, when it should have been *prædict. A;* nevertheless, this shall be amended.— *Roll. Abr.* 337.

So in an action brought by *Robert Meredith*, and the judgment, as entered, was, *quod prædict. Carolus Meredith recuperet :* the court held this

36

amendable, *being only the fault of the clerk*, the misprision being in the name which was right in the rest of the record.—1 *Bac. Abr.* 165.

The omission of the clerk to enter upon the minutes the confession of judgment, was clearly a mistake in the discharge of a mere ministerial duty ; and I flatter myself that the authorities quoted show, most satisfactorily, that it is a power incidental to all courts, to correct the errors of their ministerial agents, to subserve the ends of justice.   And if verdicts and judgments can be amended, and executions likewise, even after a sale under them by the sheriff; and that, too, *as of course*, and without a rule or notice to the defendant in execution, (1 *Hill Rep.* 245,) it follows, *a multo fortiori*, that it was competent for the court, in this case, to have ordered the confession to be inserted in its minutes, *provided it had been necessary*.

It is contended with great ingenuity, by the counsel of the claimant, (and if any one could sustain this decision it were he !—*Si Pergama dextra!* &c.,) that there is no evidence of this confession to authorize this entry to have been made on the minutes.   But if verdicts can be amended, and numerous precedents are found to that effect, from *notes* taken by the judge at the trial, by notes of counsel, and by affidavit of others, *from memory*, of what took place at the trial, (*Cro. Charles*, 338 ; *Buller's N. P.* 320 ; 1 *Strange*, 513 ; 1 *Salk.* 50, *and* 2 *Lord Raymond*, 895,) then I am clear, with all due deference for my brother Wright, that the endorsement on the writ, in this case, was enough to justify the order which was applied for in this case ; and this writing might have been strengthened (if anything were wanted to strengthen it) by parol proof.

This paper was in the custody of the clerk, a sworn officer, and notwithstanding many of our clerks are negligent to a fault, in allowing all persons to have access to the records and papers of file, in their keeping, still, in the absence of all evidence calculated to cast suspicion upon this memorandum, I think we are bound to presume that it is the act of the defendant—his written acknowledgment that judgment shall be rendered against him for the amount therein stated.

The Court of Appeals in South Carolina, held that the entry of a nonsuit, *on the back of a declaration*, was evidence of the termination of that suit, at any rate in the court where the nonsuit was awarded.—*Baker* vs. *Deliesseline*, 4 *McCord's Rep.* 372.

It is suggested, in argument, that the rights of *third persons*, perhaps the claimant himself in this very cause, might be prejudiced by permitting the confession to be registered.   As to the *effect* of this act, it is quite another thing.   The only question before us is, as to the power and duty of the court to cure the omission apparent on its minutes, in order to preserve the symmetry of its proceedings.   *For no other purpose do I deem this correction important ;* and to attain this object, the minutes of a court are always subject to its control.   Besides, this objection, if well taken, would virtually abrogate the right to amend verdicts, judgments, executions, or anything else, in any cause.   The very application to amend is predicated upon the presumption, that the proceeding to which it refers is defective in something material; otherwise, it would be unnecessary to make it ; and, of course, *somebody* will be affected by it.   The first duty of courts is, upon application made, to *amend* what is *amiss* in their

proceedings; but in doing so, they will so shape their orders as not to work injustice to others.

A regular judgment of the court was signed by the attorney of the plaintiff, upon this confession. It was entered on the execution, an office-book open to the inspection of all, and a *fi. fa.* regularly issued thereon; and the whole proceeding, not only of file in the clerk's office, but recorded upon the books kept for the registration of all the judicial proceedings of the court. We should be strongly inclined to hold that this was notice enough to *subsequent purchasers,* and all persons whatsoever.

The case of *Fugua & Hewitt* vs. *Carriel & Martin,* (1 *Ala. Rep.* 170,) shows that notice to the defendant was not necessary to authorize the court to correct its own minutes. And the authorities to this point might be multiplied to almost an indefinite extent. No notice is ever required where the error or oversight is apparent on the face of the papers themselves.

As this confession was the act of the defendant, and not of the court, we are by no means convinced that it was required to be put upon the minutes; nor are we prepared to say that the objection, however fatal, if taken in time would be available, not only after issue joined on the claim, but after trial and verdict on the merits, and when the case was pending the appeal.

Judgment reversed.