· KNAPP vs. HARRIS et al.

[This case was argued at the last term and the decision reserved.]

1. As the act of 20th of February, 1854, was construed in *Milledge vs. Bryan,* 48 *Georgia Reports,* 397, the judge, at chambers, had no power,

by virtue of that act, to order the sale of property belonging to minors, unless it was held for them in trust, or was within equity jurisdiction by reason of some pending litigation in a court of equity.

2. Generally, the court to order a sale of land by an administrator to pay a debt of the intestate, or a debt rightfully contracted by the administrator, is the court of ordinary.

3. Muniments of title that are utterly void should not be admitted in evidence, where mere color of title would be no aid.

4. The right to dower was not involved in the present case, and what was said on that subject in the verdict may be treated as surplusage.

Equity. Trusts. Administrators and executors. Evidences. Verdict. New trial. Before Judge Tompkins. Chatham Superior Court. May Term, 1877.

Mrs. Emma A. Harris and her four children, brought ejectment against Knapp for a lot of land in the city of Savannah, containing a count for mesne profits.

The defendant pleaded the general issue, and the four-year statute of limitations to the demand for mesne profits.

The plaintiff introduced the following evidence, viz:

An agreement between counsel to the following facts, made to be used as evidence in the cause for the benefit of both parties, viz:

Dr. Stephen N. Harris died in September, 1854, owning and residing on the lot sued for in this action, and intestate. Mrs. Harris is the widow of the said Stephen N. Harris, and the other four plaintiffs are his children. Their ages are as follows: Mary Louisa Harris, born May 6th, 1847; Emma A. Gallagher, born October 1st, 1848; Stephen R. Harris, born February 14th, 1850; Evelyn E. Barnard, born November 30th, 1852.

Letters of administration were granted to Mrs. Harris, the widow, upon the estate of the said Stephen N. Harris, by the ordinary of Chatham county, in November, 1854. The administratrix was married to Columbus S. Harris on November 10th, 1858. Letters of administration *de bonis non* upon the estate were granted by the same ordinary to

the said Columbus S. Harris on March 7th, 1859. The administrator *de bonis non* was a resident of Liberty county at the time of certain proceedings in chancery which resulted in a sale of the lot sued for in this action. Columbus S. Harris died intestate October 6th, 1874, leaving his widow and four children, of whom three are still living.

The defendant offered the following evidence, viz:

1. The record of certain chancery proceedings in the superior court of Chatham county at its January term, 1856, consisting of a bill filed by the above named children of Dr. Stephen N. Harris, by a *prochein ami*, against Emma A. Harris, the then administratrix of his estate, with her answer, and a decree thereon authorizing her to raise a certain sum of money upon a mortgage of the lot sued for to pay off an unpaid residue of the original purchase money of said lot, which had not been fully paid by the said Stephen N. Harris at the time of his death.

2. The record of certain chancery proceedings before the judge of the superior court of Liberty county at chambers, in the year 1860, consisting of a bill filed by the above named Emma A. Harris and the other heirs-at-law of the said Stephen N. Harris, by their next friend, against Columbus S. Harris, then administrator *de bonis non* of the estate, with his answer, and the decree thereon authorizing either public or private sale of the said lot by the said administrator *de bonis non*, for the purpose of raising money to pay off the mortgage made under the aforesaid decree of Chatham superior court.

Both these records were objected to—the latter on the ground that the judge of the superior court of Liberty county had no jurisdiction at chambers to grant such decree. The objection to the former was overruled, and the evidence admitted. The objection to the latter was sustained, and the evidence rejected.

It is not necessary to set out any part of either of these records—not the former, because its only object was to show the authority for the mortgage, the payment of which was

provided for by the second decree—nor the latter, because the objection to it did not involve any question of the regularity of the proceedings, but only the authority of the judge to grant such a decree at chambers.

3. The mortgage from Emma A. Harris, as administratrix, to John Stoddard, dated February 8th, 1856, which was authorized by the aforesaid decree of Chatham superior court, with a transfer indorsed from Stoddard to Emanuel Heidt, dated March 26th, 1860, and an entry of satisfaction made by Heidt, and dated May 12th, 1860.

4. A conveyance in fee of the property in dispute from Columbus S. Harris, as administrator *de bonis non*, to the said Emanuel Heidt, dated May 1st, 1860, reciting that it was made under the authority of the aforesaid decree of the judge of Liberty superior court, at chambers.

5. A conveyance in fee of the property in dispute from the said Emanuel Heidt to Noah B. Knapp, the defendant, dated May 6, 1860.

The defendant here closed his case, and Mrs. Harris was sworn in rebuttal. Upon her offering to make certain statements in regard to the chancery proceedings before the judge of Liberty superior court, objection was made on the ground that the record of those procedings had not been admitted in evidence, and was not before the jury. The objection was sustained; but she was allowed to say that she did not know of the appointment of Columbus S. Harris to be administrator *de bonis non*, or of the sale by him.

It was admitted by the defendant that the mortgage from Stephen N. Harris to Gallie, the payment of which was provided for by the decree of Chatham superior court, had accordingly been paid, and that a demand for the property had been made upon the defendant before the action was commenced.

The court instructed the jury, among other things, that if they should find Mrs. Harris, as the widow of Columbus S. Harris, entitled to dower in any part of said property, they might so say in their verdict, and also express the extent and value of said dower interest.

The jury rendered the following verdict, viz :

" We, the jury, find for the plaintiffs, viz: Mary Louisa Harris, Emma Adelaide Gallagher, (formerly Harris,) Stephen R. Harris, and Evelyn E. Barnard, (formerly Harris,) each one-fifth of the undivided land known as number ten, Jasper Ward, on the northeast corner of Whitaker and Harris streets, in the city of Savannah; and for the defendant, Noah B. Knapp, one-fifth of the same property, subject to widow's dower for Emma Adelaide Harris, being one-third of one-fifth life interest.

" We further find as follows : For Emma Adelaide Harris, one hundred and sixty-five dollars and fifty-nine cents ; for Mary Louisa Harris, eight hundred and eighty-eight dollars and twenty-three cents ; for Emma Adelaide Gallagher, (formerly Harris,) eight hundred and eighty-eight dollars and twenty-three cents ; for Stephen R. Harris, eight hundred and eighty-eight dollars and twenty-three cents; for Evelyn E. Barnard, (formerly Harris,) eight hundred and eighty-eight dollars and twenty-three cents ; being the mesne profits from said property."

The defendant moved for a new trial on the following grounds, to-wit :

1. Because the court refused to admit in evidence, when offered by the defendant, an exemplification of the record of a chancery cause before the judge of the superior court of Liberty county, at chambers, between the plaintiffs, as complainants, and Columbus S. Harris, administrator *de bonis non* of the estate of Stephen N. Harris, as defendant, wherein the said judge granted a decree, on the 29th day of March, A. D. 1860, authorizing the said administrator *de bonis non* to sell the lot sued for.

2. Because the court instructed the jury that if they should find Mrs. Emma A. Harris, as the widow of Columbus S. Harris, entitled to dower in any part of said lot, they might so say in their verdict.

3. Because the jury, in their verdict, found the said Mrs.

Harris entitled to dower in an undivided part of the said lot sued for.

4. Because the jury found for the said Mrs. Harris in their said verdict, a sum of money to be paid to her by the defendant on account of a dower interest in the said lot sued for.

5. Because the verdict of the jury was contrary to law.

Mrs. Harris having written off the sum of one hundred and sixty-five dollars and fifty-nine cents awarded her by the said verdict, the court overruled the motion, and defendant excepted.

JACKSON, LAWTON & BASINGER, for plaintiff in error.

HARTRIDGE & CHISHOLM, for defendants.

BLECKLEY, Judge.

1. The case of *Milledge vs. Bryan*, 48 *Ga.*, 397, construes the act of 1854, in relation to sales ordered at chambers. It is best to abide by that construction. The subject matter of the act is dealt with by the Code in section 2327. There was no trust in the case before us, and the property was not under the jurisdiction of chancery by reason of pending litigation. The order or decree of sale was made without authority, and was, consequently, void.

2. Equity may, in some cases, interfere with the administration of the estates of deceased persons, or direct the management and disposition of property belonging to minors; but, generally, executors, administrators and guardians are to resort to the court of ordinary for orders of sale, and such judgments as are necessary to supplement their general powers. If lawful debts are to be paid, and a sale of land for that purpose is needed. leave to sell is usually to be obtained from the court of ordinary, and not from a court of equity. This is now, and has long been, the system established in this state by statutory provisions.

3. The muniments of title offered in evidence and re-

404     SUPREME COURT OF GEORGIA.

jected, being, as a consequence of the foregoing positions, utterly void, the rejection was not error. As mere color of title they could have afforded no aid, the requisites of prescription being deficient in the element of time. See *Morris vs. Tucker*, this term.

4. It was irregular for the jury to notice the right of dower, that right being wholly *de hors* the case on trial. But the verdict, as a whole, is not vitiated by its reference to irrelevant matter, nor by any misdirection of the court touching that matter. What is said of dower, in the verdict, is mere surplusage, and is to be so treated.

Cited in the argument: Cobb's Dig., 270; 2 *Kelly*, 31; acts 1853-4, pp. 59, 60; 49 *Ga.*, 397; 10 *Ib.*, 429; 1 Story Eq. §532-4; Cobb's Dig., 228; Code, §4042; 3 *Ga.*, 108, 111; 8 *Ib.*, 244; 22 *Ib.*, 287; 4 *Ib.*, 152, 154; acts of 1851-2, p. 95; Cobb's Dig., 313, 319, 323, 324, 328; 13 *Ga.*, 8; 47 *Ib.*, 195, 209, *et seq*; 8 *Ga.*, 244; 40 *Ib.*, 370; 50 *Ib.*, 235; 11 *Ib.*, 1; 8 *Ib.*, 236; Code, §1821; Daniell's Ch. Pr., 97, 98; Code, §4205, 4184; 42 *Ga.*, 238; 27 *Ib.*, 562; *Sanford vs. Sanford*, 58 *Ga.*, 259; 10 *Ib.*, 224.

Judgment affirmed.