## DuBignon *vs.* Tufts. Tufts *vs.* DuBignon.

1. A justice of the peace of one county may administer the oath and issue the warrant necessary to dispossess a tenant holding over in another county.

2. An affidavit to dispossess a tenant holding over cannot also serve the purpose of recovering personalty. But the inclusion of personal property therein may be regarded as surplusage, and does not vitiate the entire proceeding.

3. It is not competent to show by parol testimony that a demurrer had previously been made on the same grounds as those urged at a subsequent trial and overruled, and that those grounds were *res adjudicata*.

v 66—4

Jurisdiction. Justice of the Peace. Actions. Evidence. Before Judge PATE. Glynn Superior Court. November Term, 1879.

Tufts went before a magistrate of Chatham county and made an affidavit to dispossess DuBignon, as a tenant holding over, of certain land in Glynn county. The affidavit also stated that DuBignon was in possession of certain described personal property, which he had leased from deponent, and that he failed to deliver both the realty and personalty, on demand, after the expiration of the lease. The justice issued a warrant covering both realty and personalty. Defendant filed his counter-affidavit, and also moved to dismiss the proceedings on the following grounds: (1). Plaintiff seeks to get possession of personal property under a warrant to dispossess a tenant holding over. (2). Because the affidavit was made before a justice in Chatham county and a warrant issued by him to dispossess a tenant of property in Glynn county. (3). Because there was no pleading before the court on which a verdict could be based. The plaintiff filed a plea, in the nature of a plea of former recovery, alleging that at a former term a verbal demurrer had been made on the first two grounds now urged, and had been overruled *ore tenus*, that these questions were therefore *res adjudicata;* that these proceedings had never been reduced to writing, but he offered to show them by parol. The court refused to allow this, and plaintiff excepted *pendente lite*. The court sustained the demurrer as to the personalty, but held that the allegations as to it might be considered as surplusage, and overruled the other grounds.

The jury found for the plaintiff the land in dispute. Defendant moved for a new trial, which was refused, and he excepted.

IRA E. SMITH; SYMMES & ATKINSON, for DuBignon.

H. C. CUNNINGHAM; GOODYEAR & HARRIS, for Tufts.

CRAWFORD, Justice.

The questions brought before this court by joint bills of exception in the above case are—

(1). Whether an affidavit can be made and a warrant issued by a justice of the peace of one county to dispossess a tenant holding over in another and different county.

(2). Does the incorporation in the affidavit and warrant of personal property, sought also to be recovered, vitiate the proceeding as to the realty.

(3). Should parol testimony be heard to establish the fact that at a preceding term a demurrer had been made on the same grounds to the affidavit and warrant, overruled by the court, and that the same was therefore *res adjudicata*.

1. The statute authorizing these proceedings, declares that the owner of lands or tenements, when the same may be held over and beyond the term for which the same were rented or leased, may go before the judge of the superior court, or *any* justice of the peace, and make oath to the facts, and when so made the officer before whom it is made shall grant and issue a warrant or process, directed to the sheriff or his deputy, or any lawful constable of the county where the land lies, commanding and requiring him to deliver to the owner full and quiet possession thereof. Code, sections 4077-4078.

We see no error in the ruling by the court that a justice of the peace in Chatham county has full power and authority to administer the oath and issue the warrant, as provided by the above named sections.

2. Whilst the incorporation of personal property in an affidavit and warrant of this character, is wholly unauthorized by law, we concur with the court below in holding that it was mere surplusage, without any legal effect, and could not destroy the right of the landlord to proceed to the extent of his legal remedy.

3. Upon the right of a party to show by parol what the judgment of a court of record was, we hardly think it necessary to say more than that such a proceeding as was insisted upon in this case is without precedent or authority. The judgment of the court, therefore, in both cases, is affirmed.