Rogers *et al. vs.* Pace *et al.*

Rogers *et al. vs.* Pace *et al.*

An owner of land conveyed it by deed to P., to enjoy and have the rents and profits thereof during her life, the grantor reserving to himself and consenting to be trustee for said P., to have and to hold the said land during her life, and at her death to her children: Held, that the only trust estate created was for the life tenant, and her children took a vested remainder. Therefore, the chancellor had no power to decree a sale of their interest in the land at chambers in vacation, and a sale of the *corpus* under a decree so rendered conveyed only the trust estate of the life usee.

(a.) The judges of the superior courts of this state can do no act nor grant any decree in vacation unless it be authorized by statute.

November 17, 1885.

Estates. Title. Trusts and Trustees. Sales. Judge. Before Judge WILLIS. Harris Superior Court. April Term, 1885.

To the report contained in the decision, it is necessary to add only that the deed relied on by the plaintiffs was made by Griffin to Mrs. Pace and her children, naming each of them, and contained the following clause:

"With the following limitation and restriction, that is that my sister, Eliza A. E. Pace, is to have and enjoy the rents and profits of the said east part of lot of land for her support and maintenance during her natural life, and the aforesaid James S. Griffin reserving to himself and consenting to be a trustee for the use of the said Eliza A. E. Pace, my sister, and as such trustee to appropriate and apply the said rents, use and profits of said land to the use, support and maintenance of the said Eliza A. E. Pace during her natural life. To have and to hold the aforesaid lot of land for the aforesaid [grantees] under the restrictions and reservations aforesaid, and unto my sister, the said Eliza A. E. Pace, for life, as aforesaid, and afterwards for their own proper use, benefit and behoof forever in fee simple."

C. J. THORNTON, for plaintiffs in error.

HATCHER & PEABODY, for defendants.

BLANDFORD, Justice.

This was an action of ejectment by the lessors of the plaintiff to recover the possession of a certain tract of land in Harris county. They introduced a certain deed in evience from James S. Griffin, whereby he conveyed the land to Sarah A. E. Pace to enjoy and have the rents and profits of the land during her life, the said Griffin reserving to himself and consenting to be trustee for said Sarah A. E. Pace, to have and to hold the said land during her life, and at her death to her children, the lessors of the plaintiff. It was shown that Sarah A. E. Pace was dead before the commencement of the action. The plaintiff closed. The defendant introduced and read in evidence a decree rendered at chambers by the judge of the superior court, upon

the application of said Sarah A. E. Pace and her children, mentioned in the deed of James S. Griffin, some of whom were of age, and some minors, appearing by one Moore, as next friend, praying a sale of this land for re-investment; also the appointment of a trustee in the place of Griffin, who was dead. By the decree, Alexander J. Gordon was appointed trustee, and he was authorized to sell the land and to invest the proceeds as prayed for in the petition. The trustee, Gordon, sold the land, and the defendants claim title through this sale. The court held that, as the decree was rendered at chambers, the judge had no power or jurisdiction to order a sale of anything but the life estate of Mrs. Sarah A. E. Pace, which was held in trust for her by the trustee; that this was the only trust estate created by the deed before referred to; that the children took a vested remainder in the land upon the execution of the deed, and that the chancellor had no power to decree a sale of their interest in the land at chambers in vacation. To this charge and ruling of the court the defendant excepted, and error is assigned thereon.

The judges of the superior courts of this state can do no act in vacation nor grant any decree, except the same be authorized by statute. A judge of the superior court may, in term or vacation, remove or appoint trustees. Code, §2320. He may also authorize the sale of the *corpus* of a trust estate in vacation. Code, §2327. But it is the *corpus* of a trust estate which he may direct to be sold in vacation or in chambers. Then, in the present case, under the deed of Griffin to Mrs. Pace and her children, the only trust estate created was the life estate of Mrs. Pace; this was to be held by Griffin in trust for the use and benefit of Mrs. Pace during her life, but at her death, the title to the property vested absolutely in her children, who took a vested remainder in this land. There is no trust connected with their interest in the land; hence the chancellor had no jurisdiction, at chambers in vacation, to direct the sale of the land by the trustee, so as to divest

their title; all that could have been sold by the trustee under this decree was the life estate of Mrs. Pace, and the purchaser could not acquire anything more than the trustee .was authorized to sell.

Judgment affirmed.