## McDONALD v. McCALL.

A devise made in 1858 to a named person and to a married grand-daughter of the testatrix, for equal division between them, "the share going to my said granddaughter to be held by her husband in trust for her sole and separate use during her life, and at her death to be equally divided between her children which she may

have," created a trust which extends to the life-estate in the granddaughter only, and does not embrace the remainder devised to her children. The remainder is a legal, not an equitable, estate in the children. Consequently, a conveyance in fee made by the trustee in 1860, under an order of the chancellor granted in vacation, passed no title save as to the life-estate of the granddaughter, and would be no obstacle to a recovery of the premises by her children after her death. She being still alive, they are not barred by the statute of prescription, although she and her trustee may be barred.

February 27, 1893.

Before Judge MADDOX. Floyd superior court. March term, 1892.

McCall by his petition alleged: On February 27th, 1891, he purchased of McDonald the property described in a bond for title attached, giving his notes for the sums therein stated as the purchase price, which notes McDonald holds. Upon examination of the titles, he finds that McDonald has not, and cannot convey to him, good and sufficient title to that portion of the property which is part of lot 208 in a certain district and section of Floyd county, and without the possession of this property the tract is valueless, owing to its size and shape, and the purchase was an entire contract and legally not severable. The defect in the title mentioned is as follows: The portion of lot 208 is part of a seventy acre tract bequeathed in the fourth item of the will of Elizabeth Cabiness, by which item it appears that only an estate for the life of E. Louisa Anderson was bequeathed to John J. Anderson, trustee, and the remainder, after Mrs. Anderson's death, was bequeathed to her children, unincumbered with the trust. Elizabeth Cabiness died seized and possessed of these seventy acres; and McDonald's claim of title to that portion of the lot 208 mentioned above, is by the will to Anderson, trustee, one half-interest, and to Merritt one half-interest; deed from the trustee and Merritt to Cothran,

v 91-20

dated May 28, 1860 (the trustee was authorized to make the sale by an order of the judge of the —————— circuit sitting at chambers); Cothran by deed to Scanlan; and so on by various conveyances down to McDonald. By reference to the will it appears that Anderson could and did only convey the life-estate, which he held as trustee, and therefore those holding under said trustee have only a life-estate which expires upon Mrs. Anderson's death. Mrs. Anderson has three children living, who will take said half-interest at her death. Petitioner prays that the sale be set aside; that his note be delivered to him, and the bond for title cancelled. The jury found for plaintiff; defendant's motion for new trial was overruled, and he excepted. The motion was upon the ground, that the verdict was contrary to law, the principles of justice and equity, contrary to the evidence and without evidence to support it; and that the court erred in instructing the jury to find for plaintiff under the proof submitted.

Upon the trial plaintiff introduced the will of Elizabeth Cabiness, dated December 2, 1858, the item in question being as follows:  "I will and bequeath to my granddaughter, E. Louisa Anderson (wife of John Anderson) and James W. Merritt all the balance of said lot not heretofore and above disposed of [portions of lot 208 had been devised by preceding items to others], to be equally divided between them, the share going to my said granddaughter to be held by her said husband, John Anderson, in trust for her sole and separate use during her life, and at her death to be equally divided between her children which she may have." Plaintiff also introduced deeds, as mentioned in his petition, showing how the title to the property in question came into McDonald; and testimony to the effect that E. Louisa Anderson is still living and has children living, that the land in dispute is part of the land mentioned in item

fourth, and that Elizabeth Cabiness had possession of it up to her death. There was no evidence for defendant.

E. P. TREADAWAY, for plaintiff in error.

DEAN & SMITH, *contra*.

BLECKLEY, Chief Justice.

The facts appear in the official report. From the briefs of counsel and their arguments here we understand the controversy between the parties to be confined to a construction of the fourth item in the will of Mrs. Cabiness, and to the effect of the sale and conveyance made by Anderson as trustee in 1860, by which he undertook to pass the fee, not merely Mrs. Anderson's life-estate, in. premises embraced both in the will and his deed. It does not appear whether the children of Mrs. Anderson were in being when the will took effect, or when, if at all, they attained their majority. All we know of them is that they, as well as their mother, were living when the case was tried. Nor is there anything disclosed as to the possession of the premises by any person at any time, except that the testatrix, Mrs. Cabiness, had possession before and at the time of her death. The court below construed the will properly, and we have indicated and indorsed that construction in the head-note. *Bull* v. *Walker*, 71 *Ga.* 195; *Carswell* v. *Lovett*, 80 *Ga.* 36. There is nothing in the facts on which to predicate any direct decision as to the effect of prescription, but we have indicated at the conclusion of the head-note the general rule on that subject. *Bagley* v. *Kennedy*, 81 *Ga.* 721.     *Judgment affirmed.*