WIGGINS *v.* GILLETTE.

1. It appearing from entries on the docket and minutes of the superior court that an attachment case had been twice continued, that a verdict and judgment against the defendant had been entered therein, and that a motion by him for a new trial had been made and overruled, and a *fi. fa.* in favor of plaintiff against the defendant having been issued and levied, it will be presumed, after the lapse of a long period of time, that a declaration was duly filed and that a proper verdict and judgment were rendered thereon, although the original papers are not to be found in the clerk's office, and no record of the case appears in the record of writs.

2. A levy in these words, "Levied this *fi. fa.* on lots Nos. 1, 2, 3, 4, 5, in the subdivision of the Truman property, as surveyed and platted by Sage in Sept., 1867, the first lot being 100 feet by 275 feet, and the other lots being 75 feet by 275 feet each, in the 14th district of originally Henry now Fulton county, Ga., as the property of Chas. P. Wiggins," is sufficient as to description, although the plat referred to had never been recorded, and although the description does not mention the original land lot containing the property, and notwithstanding that the frontage of each of the lots numbered 2, 3 and 4, appears by the plat to be twenty-five feet more than as stated in the levy, it further appearing by reference to the plat that the five lots in question are contiguous and form one entire parcel, that the three lots designated lay between those numbered 1 and 5, which are outside lots lying on opposite sides of the entire parcel, and that the measurements of these two lots, as recited in the levy, correspond exactly with those stated in the plat.

November 6, 1893.

Ejectment. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1893.

BIGBY, REED & BERRY, for plaintiff.
W. M. EVERETT, *contra.*

LUMPKIN, Justice.

Passing over minor points, the record in this case presents only two questions which, in our opinion, require notice. Both relate to the sale made by the sheriff in 1873 of the land in dispute, under an execution in

favor of Thomas A. Caudle against Charles P. Wiggins, as the property of the latter, to Thomas Alexander.

1. The execution under which the sale was had was dated December 27, 1872, and purports to have been founded on a judgment rendered at the October term, 1872, of the superior court of Fulton county, in which it was adjudged that the amounts of principal and interest due to the plaintiff " be recovered out of the property upon which the attachment was levied." It was insisted that a sale could not be legally had under this judgment, because in the record of writs of Fulton superior court there was no record of any attachment case in which Thomas A. Caudle was plaintiff and Charles P. Wiggins defendant, and because it did not appear from any of the records of that court that a declaration in attachment in the case stated had ever been filed, and nowhere among the papers filed in that court could any such declaration, or copy thereof, be found. We think, however, there was sufficient evidence introduced to authorize the presumption that such a declaration was duly filed. It appears from entries on the docket and the minutes of Fulton superior court, that an attachment case in favor of Caudle *v.* Wiggins had been twice continued; that a verdict for the sum of $200.00 principal, with interest, had been rendered therein in favor of the plaintiff, and that a judgment had been entered upon this verdict for the same amount as principal, and $57.00 interest, besides costs; and that the defendant in that suit had filed a motion for a new trial, which motion had been overruled. The *fi. fa.* issued was for the principal and interest already stated, and it directed that these sums, with costs, be made by the sale of certain described city lots, and in other respects followed the verdict and judgment specified. In view of these facts, it will be presumed, after the lapse of a long period of time, amounting to twenty or more years, that the

verdict and judgment were founded upon proper attachment proceedings, including a declaration duly filed. Although the law makes it the duty of the clerk to record in suitable books all papers and proceedings in cases disposed of by the superior court; and although there is a presumption that this officer has discharged his duty, we think this presumption is overcome in the present case by another and stronger one, to wit, that the superior court had before it the necessary proceedings to authorize the verdict and judgment in question. This latter presumption, it will be observed, is aided, if not made absolutely conclusive, by the above mentioned entries upon the dockets and minutes of the court. Certainly, in the light of these entries, it would be going too far to conclude there was no declaration in attachment, simply because neither such a declaration, nor a record of it, could be found in the clerk's office. Measuring one presumption against the other, we think it far more likely that the papers were misplaced, and that the clerk failed to perform his duty in respect to recording them, than that the judge would have allowed a verdict and judgment without the necessary pleadings upon which to base the same; and we do not see how it could have been legally possible, in the absence of such pleadings, to do what the records absolutely show was done. " Rather than rip up such a judgment and a sale under it, both of them so old, any presumption should be indulged which it is legally possible to invoke." BLECKLEY, C. J., in *American Mortgage Co. &c.* v. *Hill, trustee,* last term. 92 *Ga.* 297. In our opinion, therefore, the first ground of objection to the validity of the sheriff's sale must fall to the ground.

2. Another objection to this sale was, that the levy did not sufficiently describe the property. The terms of the levy are quoted in the second head-note. The first objection thereto was, that the plat to which it re-

fers was a private paper, had never been recorded and was therefore inaccessible, and for this reason insufficient to put the public, or persons interested, upon notice as to what land had been seized by the officer. We do not think this objection well taken. That is certain which can be made certain; and the fact that the "Sage plat" was in existence, and was introduced on the trial of this case, shows that it might have been found by any person desiring to see it and making the proper inquiry or investigation for this purpose. It often and necessarily happens that words of description used in a levy or conveyance are of themselves inadequate to convey full and complete knowledge of the location and character of the property sought to be described, and it very frequently becomes necessary to ascertain by inquiry, inspection, or otherwise, additional facts in order to be fully possessed of all the information desirable. For instance, property may be described as fronting upon a certain street, or as adjoining that of another landowner; and in order to locate it, a party wishing to examine it would be compelled to first ascertain the location of the street, or the whereabouts of the land owned by the adjoining proprietor. In legal contemplation, the levy would be sufficient if, by its terms, it enabled one to locate the property, and to identify it when found.

Another objection to the levy was, that it failed to mention the number of the original land lot in which the property was situated. We do not think this fact was indispensable to a clear description of the property, nor that its omission invalidated the levy.

It will be observed that the levy refers to five lots, numbered 1, 2, 3, 4 and 5, respectively, in the subdivision of the Truman property. The frontage of lots 2, 3 and 4 is stated in the levy to be 75 feet each, while in the plat referred to the frontage of each of these three

lots appears to be 100 feet. The frontage of lots numbers 1 and 5, as stated in the levy, agrees precisely with their frontage as stated in the plat. The depth of all the lots, as stated in both the levy and the plat, is the same. We do not think the variance indicated as to the frontage of three of them invalidated the levy. The five lots, as shown by the plat, are contiguous, lie side by side, and form one entire tract. Those numbered 1 and 5 are outside or boundary lots, and are on opposite sides of this parcel. The three inside lots misdescribed in the levy lie between these two outside lots; and it is quite clear that any intelligent person, reading the terms of the levy with the plat before him, could not possibly fail to understand what land was meant. He would be obliged to reach the conclusion that the levy covered the entire parcel, or tract, as represented by the plat, and that the variance in the description as to the width of three of the lots was a mere error, not calculated to mislead. On the whole, therefore, we think the levy was, for all practical purposes, sufficient.

It was conceded by counsel for plaintiff in error that if our conclusions as stated above are correct, the verdict for the defendant was inevitably right, and should not be disturbed.          *Judgment affirmed.*