*E. F. Dupree* and *E. J. Reagan,* contra.

---

### ELLIS *et al. v.* SLAGLE.

1. Under the evidence in this case, the court erred in directing a verdict for the defendant, and in refusing a new trial.
2. Where the evidence in an action of ejectment by heirs at law shows possession of the land, under a deed, by their father at the time of his death, this, without more, would entitle them to recover.
(a) Evidence of the defendant's possession of the premises in dispute, for less than seven years, under color of title, would not authorize the direction of a verdict in his favor.

. (b) An administrator's deed duly executed and recorded, which recited an order to sell, a sale, and a valuable consideration, and conveyed lot of land "number one hundred and seventy-eight (except the widow's dower which is assigned) and two acres off the northwest corner of lot of land number one hundred and seventy-seven in the twenty-eighth district and third section of said county, said lot or parcel of land containing one hundred and two acres, more or less," etc., was notice to subsequent purchasers that the vendee and those who held under him took only 102 acres of land under the deed; and one who acquired possession of the entire lot of 160 acres under some pretended claim, including the remainder in dower of 60 acres set apart to the widow of the decedent, would acquire no title to the 60 acres as against the heirs at law of the decedent, who sue in ejectment for the 60 acres within seven years from the date of the death of the tenant in dower.

No. 68.   OCTOBER 19, 1917.

Ejectment. Before Judge Fite. Catoosa superior court. December 20, 1916.

*M. L. Harris* and *W. E. Mann,* for plaintiffs.

*Maddox, McCamy & Shumate* and *F. A. Cantrell,* for defendant.

HILL, J.   J. F. Ellis and others brought ejectment against Mrs. W. F. Slagle and A. B. Robertson, her tenant in possession, to recover 60 acres of land off of the south side" of lot No. 178 in the 28th district and 3d section of Catoosa county, the same being land alleged to have been set apart to Malinda Ellis, deceased, as a dower. It was admitted on the trial that Malinda Ellis died on December 8, 1907, and that she was the widow of J. F. Ellis Sr. The plaintiffs introduced a warranty deed from Smith Daffron to J. F. Ellis Sr., dated Nov. 15, 1858, conveying all of lot of land No. 178 in the 28th district and 3d section of Catoosa county, containing 160 acres; also, the record of an order of court on the return of commissioners assigning dower to Malinda Ellis, setting apart "sixty acres off the south side of lot No. 178, and the 20 acres of lot No. 177, being in all 80 acres," etc. J. F. Ellis Sr. died in possession of the land, and his widow occupied it after his death. The plaintiffs are his heirs at law. The defendant introduced a deed from Joshua Ellis as administrator of James F. Ellis, deceased, to James M. Daffron, dated January 20, 1862, reciting an order for sale, sale, and $910 consideration, and conveying lot of land "number one hundred and seventy-eight (except the widow's dower which is assigned) and two acres off the northwest corner of lot of land number one hundred and seventy-seven in the twenty-eighth. district and third section of said

county, said lot or parcel of land containing one hundred and two acres, more or less," etc. At the conclusion of the evidence the court directed a verdict for the defendant. A motion for a new trial was overruled, and the plaintiffs excepted.

It was insisted by the defendant that the dower was not legally assigned, so as to affect her interest; for that no "petition for dower" was introduced, and no notice given to the administrator or the heirs at law was shown; nor did it appear that notice of application for dower was in the name of the widow, or a plat was returned, describing the land as required, etc. Whether the dower was properly set apart or not, the deed under which the defendant took (if she took under that deed) conveyed 100 acres of lot No. 178 and 2 acres of lot No. 177, 102 acres in all. Whatever the defendant took was with notice of what the deed conveyed; and it expressly conveyed only 102 acres. This is clear from reading the deed. It does not appear how the defendant derived title to the land in controversy. She can not successfully claim under color of title and seven years possession under the administrator's deed; for the record discloses that she had been in possession less than seven years,—to be exact, 6 years, 11 months, and 27 days. There is no merit in the contention that there is no sufficient description of the dower interest. *Wells* v. *Dillard,* 93 *Ga.* 682, 684 (20 S. E. 263). Nor can she prevail on the theory that the plaintiffs' father, under whom they claim, did not die in possession of the land; for the evidence clearly shows that he did die in possession; and this being so, the presumption is that he had title to the land at that time. Powell on Actions for Land, § 303, p. 401. Not only this, but the plaintiffs introduced in evidence a deed made in 1856, from Smith Daffron to their father, conveying the whole of lot No. 178 (including the land in controversy), and proved that he died in possession of the land. But it is contended by the defendant that the deed from Joshua Ellis as administrator of James F. Ellis, deceased, dated January 20, 1862, conveyed to James M. Daffron not only the 100 acres of lot No. 178, but also the remaining 60 acres which had been set apart as dower; and that only the dower interest, which was for life only, was reserved or excepted. We can not agree to this contention. From reading the deed it seems too clear for argument that it conveyed only 100 acres of lot No. 178, and that the 60 acres

which had been set apart as dower was expressly·excepted. This view is strengthened by the evidence, which is to the effect that the estate at the time of the sale owed no debts, and there was no necessity for the sale of the remainder in dower. In no view of the case can we see how a verdict directed for the defendant can stand. The plaintiffs having shown title to the land in their deceased father, and the fact that he died in possession, and the defendant not·having shown a prevailing title which would defeat a recovery, the court erred in directing a verdict for the defendant, and in refusing a new trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., and Beck, P. J., absent.*