MIZE *et al.* v. HARBER, administrator.

738

No. 13084. MARCH 13, 1940.

*Hamilton Kimzey* and *Herbert B. Kimzey,* for plaintiffs.

*G. P. Marlin* and *J. B. G. Logan,* for defendant.

REID, Chief Justice. ▮▮▮ The surviving heirs of F. P. Mize (his widow and five children) instituted the present action against T. I. Harber, to recover their several interests in a tract of land situated in Banks County, containing 208 acres more or less. Harber died, and his administrator was made a party in his stead. The judge, by consent without the intervention of a jury, rendered judgment for the defendant, and the plaintiffs excepted. The plaintiffs alleged, and it was admitted on the hearing, that in 1917 F. P. Mize died in possession of the land as the owner thereof in fee simple; that they were his sole surviving heirs; that there were no debts; and that the administrator of his estate had been discharged. These facts disclosed a prima facie right of recovery in the planitiffs. Code, §§ 113-901, 113-907; *Bagley* v. *Kennedy,* 85 Ga. 703 (11 S. E. 1091) ; *Wolfe* v. *Baxler,* 86 *Ga.* 705 (13 S. E. 18) ; *Moore* v. *Moore,* 126 *Ga.* 735 (55 S. E. 950) ; *Ellis* v. *Slagle,* 147 *Ga.* 315 (93 S. E. 895) ; *Dorris* v. *Dorris,* 149 *Ga.* 170 (99 S. E. 532) ; *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (38 S. E. 44) ; *Crummey* v. *Benlley,* 114 *Ga.* 746 (40 S. E. 765). The defendant produced a deed executed on May 17, 1919, by R. G. Wallace as administrator of the estate of F. P. Mize, conveying the land to him. The deed recited that the defendant purchased the land at a public sale held by the administrator pursuant to "a consent order granted by the Honorable Andrew J. Cobb, Judge Superior Court of Banks County, on March 22, 1919." To give efficacy to the administrator's deed it was necessary for the defendant to show the order recited in the deed. *Porter* v. *LaGrange Banking & Trust*

*Co.,* 187 *Ga.* 528 (2) (1 S. E. 2d, 441), and cit. There was to be found in the office of the clerk of the superior court of Banks County no original pleadings seeking an order for sale of the land, and no such pleadings were recorded on the writ book. Code, § 24-2715 (1, 2). Neither was there in the clerk's office an original order of the character recited in the deed, nor was such an order recorded on the minutes or other record books kept in that office. Code, §§ 24-2714 (2), 37-1302. The defendant offered in evidence a copy of a petition presented to the judge of the superior court of Banks County, an answer thereto, and a consent order granting leave to the administrator to sell the land as prayed in the petition, certified to by the clerk of the Supreme Court as a correct transcript of parts of the record in the case of *Wallace* v. *Mize,* reported in 153 *Ga.* 374, of file and preserved in this court. The petition was brought by the administrator and all of the plaintiffs to the present suit except L. B. Mize, who was designated as a defendant. The widow was named as next friend for the children, who were minors at that time. It was alleged therein, in substance, that the estate of the deceased consisted of 208 acres, more or less, of land situated in Banks County; that the administrator applied for leave to sell this land in the court of ordinary of Banks County, but the application had been arrested by a claim filed by L. B. Mize (an heir and one of the plaintiffs in the present suit) to an undivided one half interest in 108 3-5 acres of this tract, and this claim had been transmitted to the superior court of said county for trial; that, on account of the location of the land of said estate, it would be impracticable and detrimental to the interests of the estate to sell the land not included in the claim, without also at the same time selling the land included in the claim; that the estate owed debts in the sum of $2500, and the interest on said indebtedness amounted annually to the sum of $200 or other large sum, and the buildings were depreciating in value; that the wife and children of the deceased had had one year's support set apart to them which had been consumed, and they were in need of support, which could not be obtained on account of the debts; that it was necessary to sell said land in order that the debts could be paid and for the purpose of distribution among the heirs; and that, on account of the then prevailing high prices of real estate and the high price of cotton, it would be to the best interest of said estate that

said land be sold as early as practicable. The plaintiffs prayed that the court pass an order authorizing and allowing the administrator to sell all of the 208 acres of land claimed by the estate, including the one half undivided interest in the 108 3-5 acres claimed by L. B. Mize, and that said administrator be required to deposit in the Banks County Bank, or in such other bank as the court might select, the amount of money arising from the sale of a one-half undivided interest in the 108 3-5 acres, subject to the final decision of the courts in the claim case of L. B. Mize *v.* R. G. Wallace, administrator.

In his answer L. B. Mize admitted all of the allegations of the petition as to the necessity and desirability of selling the land, and set out his interest in the 108 3-5 acres. The order is as follows: "At Chambers, Athens, Georgia. The hearing of this petition being had before me this day in pursuance of the order sanctioning said petition, dated March 18, 1919, and both parties consenting, it is ordered, 1st. That the administrator proceed with the sale of said land, his deeds to vest as good titles in the purchaser as if no claim had been filed. 2nd. That the proceeds received at such sale for the one-half interest in the 108 3-5 acres which is the subject-matter of this controversy shall stand in place of the land, and shall be kept subject to the future orders of this court, to be disposed of by the final judgment in the claim case. 3rd. That immediately after the sale a full report of same will be made to the court by the administrator, the sum received for the one-half interest in the 108 3-5 acres shall be ascertained by the parties under the direction of the court, and the same made of record on the minutes. 4th. That this case and the claim case be and the same are hereby consolidated and by consent of parties shall stand for trial at the next regular term of this court. 5th. Let this order be recorded on the minutes. This March 22, 1919. [Signed] Andrew J. Cobb, Judge Superior Court Western Circuit. Erwin, Erwin & Nix, Attorneys for L. B. Mize. G. P. Martin, Atty. for R. G. Wallace, admr. et al." This evidence (objected to on various grounds which are hereinafter discussed) was offered for the purpose of showing that a petition praying for leave to sell the land in controversy, an answer thereto, and a judgment granting the prayer had actually been a part of the official records in the clerk's office of the superior court of Banks County. As already

shown, the evidence was substantially that in a case which was brought to this court, of which the proceeding seeking leave to sell the land was a part. A copy of the petition, answer, and judgment was certified by the clerk of the superior court of Banks County as a correct copy of the transcript of the record transmitted to this court, and preserved in his office. In at least two cases in this State, this method of proof of records in the superior court has been approved where the records could not be found in the office of the clerk and had not been recorded in the books and dockets of the court as provided by statute. *Eagle & Phenix Mfg. Co.* v. *Bradford,* 57 *Ga.* 249; *Lewis* v. *State Board of Medical Examiners,* 23 *Ga. App.* 647 (99 S. E. 147). Under these rulings the evidence was competent and sufficient for the purpose stated. It is true that the proceedings were not entered on the writ book, and that the judgment was not entered on the minutes of the court; but this did not render them any less valid records of the court. It was not necessary that they be recorded by the clerk, to give vitality to the proceedings or the judgment rendered therein. His duties in this connection are purely ministerial. See *Bridges* v. *Thomas,* 50 *Ga.* 378; *Gross* v. *Mims,* 63 *Ga.* 563; *Wiggins* v. *Gillette,* 93 *Ga.* 20 (19 S. E. 86, 44 Am. St. R. 123); *Davis* v. *Barker,* 1 *Ga.* 559; *Benton* v. *Maddox,* 52 *Ga. App.* 813 (184 S. E. 788); *Eagle & Phenix Mfg. Co.* v. *Bradford,* supra. The present case is distinguishable from such cases as *Selph* v. *Selph,* 133 *Ga.* 409 (65 S. E. 881), and *Watson* v. *Watson,* 143 *Ga.* 425 (85 S. E. 324). The return of appraisers appointed to set apart to a widow and minor children a year's support is not a judgment of the court of ordinary until it is actually entered on the records of the court. In such a case the judgment is the entry of the return on the records, and not the return. Accordingly, as ruled in the above cases, it is not sufficient to show merely that the appraisers made their return to the court of ordinary.

We are familiar with the rulings by this court that when the original papers of a proceeding alleged to have been had in a court of record can not be found in the office of the clerk, *parol evidence* is not competent to prove the existence and contents of the papers which do not appear to have been recorded in any of the books and dockets kept for that purpose, unless it is also shown that the books and dockets in which the proceedings would have been recorded

are lost or destroyed. *Clark* v. *Cassidy,* 64 *Ga.* 662; *Robertson.* v. *Pharr,* 56 *Ga.* 245; *DuBignon* v. *Tufts,* 66 *Ga.* 59; *Silva* v. *Rankin,* 80 *Ga.* 79 (4 S. E. 756); *Brown* v. *Madden,* 141 *Ga.* 419 (81 S. E. 196). While there is no indication in the present case that any of the books or dockets of the court have been lost or destroyed, neither is there an effort to prove the records by *parol evidence.* The evidence with which we are concerned in the present case is in substance record evidence, and is entitled to as much weight as the minutes and writ book of the superior court would have been given had the statute been complied with and the proceedings properly recorded therein. The clerk of the superior court, in transcribing and certifying copies of the records of that court in a case brought here for review, performs a function substantially the same, in so far as the verity of the record is concerned, as that of transcribing such records on the books and dockets kept in his office. His duty in both instances is the same; for in neither case should he transcribe any paper which is not a part of the records in his office, and of course in both instances he should and is presumed to have transcribed the proceedings correctly. Counsel for the plaintiffs make the further point that the copies which were certified to this court do not show any entry of filing by the clerk. No entry of filing was necessary to make them a part of the official records of the superior court. *McDougald* v. *Banks,* 13 *Ga.* 451, 455; *Floyd* v. *Chess-Carley Co.,* 76 *Ga.* 752; *Perry* v. *Friedin,* 17 *Ga. App.* 417 (87 S. E. 683); *Cooper* v. *Nisbet,* 118 *Ga.* 872 (45 S. E. 692), s. c. 119 *Ga.* 752 (47 S. E. 173). They were designated in the former case as parts of the record in the superior court to be transmitted here, and the clerk's certification thereof clearly shows that they were records on file in his office.

■ The court ruled that even if the judge of the superior court had no jurisdiction to pass the order at chambers, as contended by counsel for plaintiffs, the plaintiffs were estopped to assert its invalidity in this respect, since they were parties to the proceeding and consented to the grant of the order; and held that while some of the plaintiffs were minors at the time the order was obtained, their rights should be determined as if they had been sui juris, since they were represented in the proceedings by their mother as their next friend. In the eyes of the law persons sui juris are responsible self-willed agencies. They may make contracts and other-

wise bind themselves by their acts and conduct. Minors are considered as incapable of managing their affairs, and as a general rule their acts and conduct do not bind them in prejudice of their rights. In the administration of estates an administrator duly appointed represents the heirs, whether they be minors or adults. But he cannot divest their title to the realty which was the property of the deceased at the time of his death unless he act under an order of a court having jurisdiction to grant it. If he sells under a void order, no title passes thereunder. *Clements* v. *Henderson,* 4 *Ga.* 148 (48 Am. D. 216); *Fussell* v. *Dennard,* 118 *Ga.* 270 (45 S. E. 247); *Knapp* v. *Harris,* 60 *Ga.* 398. Adult heirs, by becoming parties to the proceeding and consenting to the order, would, because they were at liberty to waive their rights, be estopped to question the validity of the order after a sale had been made thereunder to one who purchased in good faith (see *Field* v. *Manly,* 185 *Ga.* 464 (2) (195 S. E. 406); *Anderson* v. *Goodwin,* 125 *Ga.* 663 (54 S. E. 679); *Deveney* v. *Burlon,* 110 *Ga.* 56 59 (35 S. E. 268); 19 Am. Jur. 716); but minor heirs would not be estopped solely by force of the fact that they were represented in the proceedings by a next friend. Cf. *Knapp* v. *Harris,* supra. The minor heirs were incapable of appearing in such proceeding of and by their own will; and the moment that it is admitted that the judge granting the order had no jurisdiction to pass it at chambers, then is it also admitted that the minors could not be lawfully represented therein by next friend. They would be strangers to the proceeding, for the judge would possess no power to sanction the appearance of a next friend on their behalf. If this were not true, every proceeding, no matter how illegal, which involved the rights of minors would foreclose them if the simple expedient of making them parties by next friend were resorted to. We might add that we are not confronted with the question whether minor heirs who were old enough to understand their rights would be estopped to question the validity of the judgment where they actually consented to being represented in such proceedings by next friend. See generally, on the question of estoppel of minors, *Groover* v. *King,* 46 *Ga.* 101 (3); *Sharp* v. *Findley,* 59 *Ga.* 722, s. c. 71 *Ga.* 654 (2); *Hicks* v. *Webb,* 127 *Ga.* 170 (4) (56 S. E. 307); *Hopkins* v. *Martin,* 153 *Ga.* 238 (112 S. E. 117); *Wolff* v. *Hawes,* 105 *Ga.* 153, 158 (31 S. E. 425).

■ Our judgment is nevertheless that the finding of the judge in favor of the defendant is correct and should be affirmed, for the reason that the order is in fact valid. The power of the judge to pass such an order at chambers must be found in our statutes on the subject. *Arrington* v. *Cherry,* 10 *Ga.* 429; *Rogers* v. *Pace,* 75 *Ga.* 436. The authority to pass the order in question, we think, is found in the Code, §§ 37-1301, 37-1302. "All proceedings ex parte, or in the execution of the protective powers of equity over trust estates or the estates of the wards of equity, shall be presented to the court by petition, and such other proceedings may be had therein as the necessity of each cause shall demand." Code, § 37-1301. "The judge may receive and act upon such petitions in vacation and at chambers, always transmitting the entire proceedings to the clerk to be entered on the minutes or other records of the court." § 37-1302. It is settled that the mere presentation to a judge of the superior court of a petition seeking leave to sell the property of minors does not of and in itself constitute the minors wards of equity, so as to authorize the judge to act on the petition at chambers. The rule seems to be that a judge of the superior court has protective powers over the estates of minors, such as may be exercised at chambers, where the minors and their property are otherwise within the equitable jurisdiction of the court. *Knapp* v. *Harris,* supra; *Milledge* v. *Bryan,* 49 *Ga.* 397; *McDonald* v. *McCall,* 91 *Ga.* 304 (18 S. E. 157); *Fleming* v. *Hughes,* 99 *Ga.* 444 (27 S. E. 791); *Smith* v. *McWhorter,* 123 *Ga.* 287 (51 S. E. 474, 107 Am. St. R. 85); *Mitchell* v. *Turner,* 117 *Ga.* 958 (44 S. E. 17); *Luquire* v. *Lee,* 121 *Ga.* 624 (49 S. E. 834); *Webb* v. *Hicks,* 117 *Ga.* 335 (43 S. E. 738); *Morehead* v. *Allen,* 131 *Ga.* 807 (63 S. E. 507); *Powell* v. *Heyman,* 143 *Ga.* 728 (85 S. E. 891); *Sparks* v. *Ridley,* 150 *Ga.* 210 (103 S. E. 425). In the *Knapp* case it was said that the judge of the superior court had no authority at chambers to pass an order granting leave to sell property in which minors were interested, "unless it was held for them in trust, *or was within equity jurisdiction by reason of some pending litigation in a court of equity.*" In the *Webb* case, supra, it was said that "where a court of equity has jurisdiction of the person and subject-matter, it is always open for the passage of administrative orders, interlocutory decrees, and orders for the sale of the estates of minors within equity jurisdiction." The order involved in the present case ap-

pears to have been passed under the following circumstances: The administrator filed in the court of ordinary of Banks County a petition seeking leave to sell the land in question, and one of the present plaintiffs, who was also an heir, filed a claim to one-half undivided interest in a part of the tract. The ordinary transmitted the claim to the superior court, as required by the Code, § 113-1801 et seq., and thereby became divested of any jurisdiction over the application. The superior court thereupon became invested with jurisdiction of the property in which the plaintiffs, some of whom were minors, had an interest. The superior court is one exercising both legal and equitable powers (Code, § 37-901), and it has been recognized in many cases that a claim case is in its nature a quasi-equitable proceeding. *Colquill* v. *Thomas*, 8 *Ga.* 258, 264; *Hollins-head* v. *Woodard*, 128 *Ga.* 7, 13 (57 S. E. 79); *Douglas* v. *Jenkins*, 146 *Ga.* 341, 343 (91 S. E. 49, Ann. Cas. 1918C, 322); *Bryant* v. *Dickerson*, 19 *Ga. App.* 80 (90 S. E. 1027). Under these facts the minors and their interest in the property were within equity jurisdiction, and the judge of the superior court, under the protective powers of equity concerning the estates of minors, had authority at chambers to authorize the administrator to sell their interest in the land, where it appeared necessary to the protection of their interest, there being no issue of fact, and the minors being properly before the court by next friend. (Code, §§ 37-1303, 37-1304.) This seems to us to be a practical and beneficial application of the statute, under the facts presented. It is to be presumed that the learned judge who granted the order satisfied himself as to the necessity for the sale of the property, as alleged in the petition brought for that purpose. The same presumptions which attach in favor of judgments and decrees by a court of general jurisdiction apply to orders lawfully granted at chambers. *Pease* v. *Wagnon*, 93 *Ga.* 361 (20 S. E. 637); *Reinhart* v. *Blackshear*, 105 *Ga.* 799 (31 S. E. 748). Cf. *McGowan* v. *Lufburrow*, 82 *Ga.* 523 (9 S. E. 427, 14 Am. St. R. 178).

█ Counsel for the plaintiffs further attacked the order on the ground that it was not passed in Banks County, where the land lay and the claim case was pending, but in Clarke County. It is judicially recognized that Hon. Andrew J. Cobb was judge of the Western Judicial Circuit, and that at the time the order was passed this circuit embraced Banks County. See *Williams* v. *State*, 187

*Ga.* 415 (1 S. E. 2d, 27) ; *Moore* v. *State,* 126 *Ga.* 414 (55 S. E. 327). We have ruled that the order was one which the judge could lawfully render at chambers. As such, it could be granted by the judge while sitting within any county in his circuit, if not in any county in the State. See *Early* v. *Oliver,* 63 *Ga.* 11 (3) ; *Cook* v. *Cook,* 138 *Ga.* 88 (4) (74 S. E. 795).

It is also contended that the order was not binding on the plaintiffs who were minors at the time it was passed, for the reason that it is not made to appear that Mrs. Mize, the widow, had authority to appear for them as next friend. The authority of one who acts as next friend for a minor in a judicial proceeding is derived from the permission of the court to act in that capacity. No particular person is required to act, nor is it necessary that the person so acting be appointed by formal order. The court, in allowing the case to proceed, is presumed to have approved the appearance of the person acting as next friend. See *Kile* v. *Brooks,* 51 *Ga. App.* 531 (181 S. E. 107). The findings of fact of the judge, upon the basis of which we have considered the case, were supported by the evidence. The evidence demanded the finding for the defendant.                *Judgment affirmed.   All the Justices concur.*