POWELL, trustee, *et al. v.* HEYMAN *et al.*

HILL, J.  1. A deed from George S. Hookey, dated September 13, 1864, conveyed certain real estate in the city of Augusta to Louis A. Dugas, in trust for Catherine M. Hookey for life, with the power of appointment on her death to such person or persons or for such purpose or purposes as she should by her last will and testament designate and appoint.  *Held,* that the trust created was limited to the life-estate conveyed to Catherine M. Hookey.

2. The will of Catherine M. Hookey, dated April 11, 1883, created a life-estate in her husband and her daughter Helena S. Hookey (who afterwards married Frank Powell), and upon the death of these two the property was to be sold and the proceeds divided as follows: $1,000 to Catherine M. Sweigan and the remainder among the children of Helena; or should Helena die without issue, the share devised to her was to be divided among the children of the testatrix in life at the date of the death of Helena.  *Held,* that the estate thus created was a legal estate, and not an equitable one.

3. A judge of the superior court at chambers has no authority, on petition in vacation, to order a sale of the legal estate of minors, nor do the minors become wards in chancery.  *Webb* v. *Hicks,* 117 *Ga.* 335 (43 S. E. 738).  Nor has a judge of the superior court authority in chambers to dispose of the property of adult contingent remaindermen.

4. The order of sale and reinvestment in this case, having been granted at chambers, is absolutely void.

5. Equity will not confirm a void order unless it is made to appear that the rights of none of the parties interested will be injured; and therefore it was incumbent on the plaintiffs in the present action to show the propriety of the sale of the property in Richmond county and reinvestment of the proceeds in Atlanta, and to show that the minors and contingent remaindermen would not be injured thereby.  There was no allegation in the petition to this effect.

6. There is no equity in the petition, and the same should have been dismissed on demurrer.  *Judgment reversed.  All the Justices concur.*
              JULY 17, 1915.

Equitable petition.  Before Judge Hammond.  Richmond superior court.  February 11, 1914.

*R. B. Blackburn,* for plaintiffs in error.

*Pierce Brothers* and *Irvin Alexander,* contra.