HUMBER *et al. v.* GARRARD, guardian.

No. 16677. JUNE 13, 1949.

*George D. Lawrence* and *D. D. Veal,* for plaintiffs in error.
*W. W. Walker,* contra.

HEAD, Justice. The proceedings in the present case were instituted by a guardian of an incompetent ward, seeking an order for reinvestment of the property of his ward, under the Code, §§ 49-203, 49-204. The bill of exceptions recites that the case is brought to the Supreme Court, "which has exclusive jurisdiction in all cases of an equitable character, the same being a proceeding before the judge in chambers, and involving solely the question of sale by a guardian for purposes of reinvestment." In order to determine the court having jurisdiction of this case, it is necessary to decide whether it is one in law or in equity.

The portions of the Code, §§ 49-203, 49-204, applicable in the present case, were codified from the acts of 1889, page 156, and

acts of 1890-1891, p. 229. Prior to these acts it was the law of this State that all sales by guardians would be under the direction of the ordinary, and sales for reinvestment would fall "under the same rules and regulations as are prescribed for sales by administrators of estates." Code of 1863, § 1779; Code of 1873, § 1828; Code of 1882, § 1828; *Crawford* v. *Broomhead,* 97 *Ga.* 614 (25 S. E. 487). In the *Crawford* case it was pointed out that the legislature by the act of 1889 "took away from the ordinary the power to grant orders for the sale of the property of wards for this purpose [reinvestment], and conferred it upon the judges of the superior courts, being doubtless of the opinion that the latter would exercise better judgment and discretion than had been exercised by some of the ordinaries in regard to this matter."

During the period that the statutory authority to allow sales by guardians of minors for reinvestment was vested in the ordinary, it was held many times by this court that a judge of the superior court was without authority to order a sale of the legal estate of minors in realty at chambers. See *Milledge* v. *Bryan,* 49 *Ga.* 397, 411; *Knapp* v. *Harris,* 60 *Ga.* 398, 403; *McDonald* v. *McCall,* 91 *Ga.* 304 (18 S. E. 157); *Mitchell* v. *Turner,* 117 *Ga.* 958 (44 S. E. 17); *Webb* v. *Hicks,* 117 *Ga.* 335 (43 S. E. 738); *Morehead* v. *Allen,* 131 *Ga.* 807 (63 S. E. 507); *Powell* v. *Heyman,* 143 *Ga.* 728 (85 S. E. 891). In *Ethridge* v. *Pitts,* 152 *Ga.* 1, 8 (108 S. E. 543), it was said that the decisions in the three cases last cited were evidently based upon the ground that chancery jurisdiction in this State is conferred upon the superior courts and not upon the judges thereof, and that judges sitting in vacation were not courts of equity. Code, § 37-101; *Arrington* v. *Cherry,* 10 *Ga.* 429 (2).

The cases of *Sharp* v. *Findley,* 71 *Ga.* 654, *McGowan* v. *Lufburrow,* 82 *Ga.* 523 (9 S. E. 427), *Richards* v. *East Tenn., Va. & Ga. Ry. Co.,* 106 *Ga.* 614 (33 S. E. 193, 45 L. R. A. 712), *Cooney* v. *Walton,* 151 *Ga.* 195 (106 S. E. 167), and *Ethridge* v. *Pitts,* supra, are not in conflict with the general rule, that prior to the acts of 1889 and 1890-1891, judges of the superior courts had no power to order a sale of a minor's estate in realty at chambers. These cases, and others, which on casual examination might appear to conflict with the general rule, are not in conflict at all, for the reason that either the judgment was entered on proceedings

in term or the case came within the jurisdiction of the "protective powers of chancery over trust estates, or the estates of wards of chancery" (under the Code, now §§ 37-1301, 37-1302), as pointed out by Justice Cobb in *Mitchell* v. *Turner,* supra, to wit: the power, upon petition, to appoint trustees to fill a vacancy; to order the sale of a part of the trust property to relieve the rest from an indebtedness on all; to order the mortgaging of trust property to protect and preserve the corpus; to order the sale, in whole or in part, of property of adults and minors, acquired by devise, where the legal title remains in the executors, when it is impossible to carry out the trust provisions of a will, or when it is necessary for the payment of estate debts and legacies; to compel a trustee to comply with a prior order of court to pay over money for the support of the ward; the appointment and removal of trustees; the sale of trust property; the investment of trust funds in stocks in which a trustee is not authorized by statute to invest in his own discretion; and the setting aside of a sum of money for the support of minor parties.

In *Mize* v. *Harber,* 189 *Ga.* 737, 744 (8 S. E. 2d, 1), it was said: "It is settled that the mere presentation to a judge of the superior court of a petition seeking leave to sell the property of minors does not of and in itself constitute the minors wards of equity, so as to authorize the judge to act on the petition at chambers. The rule seems to be that a judge of the superior court has protective powers over the estates of minors, such as may be exercised at chambers, where the minors and their property are otherwise within the equitable jurisdiction of the court." In the *Mize* case it appears that an application was made to the ordinary by an administrator to sell certain lands, and that a claim to a part of the lands was filed. The proceedings were thereupon transferred to the superior court. While the case does not, therefore, involve the right of a judge of a superior court to order a sale on the application of a guardian of a minor for the purpose of reinvestment, the rule stated by the court as to when a proceeding for sale is in equity is in point in the present case.

An examination of the record in the present case shows that the application for sale for reinvestment conforms strictly to the provisions of the Code, §§ 49-203, 49-204. These sections are ap-

plicable to sales for reinvestment by guardians of incompetent persons. Code, § 49-603; *Ocmulgee River Lumber Co.* v. *Appleby,* 136 *Ga.* 26 (70 S. E. 346).

"Whether an action is one at law or in equity is determined by the allegations of the petition and the nature of the relief prayed, and not by the designation given to the action by the pleader." *Griffin* v. *Securities Investment Co.,* 181 *Ga.* 455 (2) (182 S. E. 594), and cases cited. There were no allegations in the petition showing an equitable interest of any persons in the lands sought to be sold. No equitable relief was sought. The sole prayer for relief was for an order of sale for the purpose of reinvestment. The preliminary order and the order of sale by the judge were both entered "At chambers" in Milledgeville, Georgia. Under the Code, § 49-204, it is provided: "If said application shall be made in vacation, the judge may hear and pass upon the same at any place within his judicial circuit, as business heard in chambers." "The judges of the superior courts of this State can do no act nor grant any decree in vacation unless it be authorized by statute." *Rogers* v. *Pace,* 75 *Ga.* 436. There is no variation in this case from the statutory proceeding outlined in the Code, §§ 49-203, 49-204, and the case is one at law, and not in equity.

Equity jurisdiction may, of course, be invoked in a proceeding by a guardian to sell for reinvestment. The case of *Turner* v. *Prigmore,* 202 *Ga.* 377 (43 S. E. 2d, 259), involved an application by a foreign guardian for sale for reinvestment of the estate of his minor wards. An examination of the record in the *Turner* case shows that the judgment in that case was rendered during the regular February term of Catoosa Superior Court. It was said by Mr. Chief Justice Duckworth in his opinion for the court in that case, "The proceeding here is not one at law but in equity." The authorities cited in the *Turner* case are not in conflict with the decision in this case, since all of those decisions were dealing with cases of an equitable nature.

The present case is within the jurisdiction of the Court of Appeals and not the Supreme Court.

*Transferred to the Court of Appeals. All the Justices concur.*