28174. JAMES et al. v. GAINEY et al.

INGRAM, Justice. This appeal involves a dispute between two factions of the Bloomfield Church of Christ in Macon, Georgia. Suit was filed in Bibb Superior Court by the appellants seeking to establish title to a tract of land purchased by the trustees of the church for use as a place of worship. The complaint was brought specifically under Code Ann. § 37-1411 et seq., the Quia Timet Act of 1966. A special master was appointed to hear the evidence and his report concluded that neither of the two factions of the church was entitled to the property. This report was made the judgment of the trial court and it placed title to the property in the trustees of the church then serving who had been elected by majority vote of the appellees. Appellants assert as error that they were unlawfully denied a jury trial on the factual issues in the case, that the trial court erred in assessing costs against them; and that it also erred in adopting the report of the special master.

The record of the evidence reveals that the Bloomfield Church of Christ is an unincorporated local church with no charter or by-laws, and operates solely on the basis of the teachings of the New Testament of the Bible. The church is congregational and owes no ties to any governing body. The property sought to be drawn into question in this litigation was conveyed to the trustees of the church and their successors in January, 1970. Two of the trustees of the church at that time are involved in this litigation as appellees while three of the trustees who were then serving are among the appellants. In June of 1970, the church

had a membership of twenty-seven, and, of this number, ten are appellants here with sixteen as appellees. The remaining member is not involved in the suit. Questions of theology began to divide the membership, and, in August, 1970, the appellees met and "disfellowshipped" the appellants "[b]ecause of the contentions, difficulties, unpleasantness, encounters, and deviousness with which they conducted themselves," according to the appellees, including alleged deviation by appellants from church doctrine. Those appellants who were then serving as trustees were also removed as trustees by the appellees, and successors, from the appellee group, were elected to replace them. Meanwhile, appellants met separately from them and removed as trustees those appellees who were then serving as trustees of the church. Shortly thereafter, the present litigation was filed by appellants under the 1966 Quiet Title Act claiming title to the church property.

The special master appointed by the trial court to hear the evidence found as a matter of fact that "none of the twenty-seven members had severed their membership with the Bloomfield Church of Christ and were all members at the time this action was filed." This conclusion by the special master was based upon a determination of the meaning of "withdrawal of fellowship," which he found did not entail a cessation of membership but rather a discontinuance of social intercourse with the remaining members of the church during the period of "disfellowship" until repentance. The special master essentially found: (1) appellants had not lost their membership in the church as a result of being "disfellowshipped" by appellees; (2) neither appellants nor appellees had voluntarily withdrawn from membership; and (3) the trustees newly elected by the appellees were the lawful trustees as they had been elected by the majority group of the membership. The special master based his conclusions of law on the case of *Sapp v. Callaway,* 208 Ga. 805 (69 SE2d 734) wherein this court held that a majority of the members of a church, which has no fixed rules as to the method or manner by which a member could be excluded, may make for the church rules and regulations governing expulsion of members. This case gave expression to the provisions of our law embodied in Code Ann. § 22-5504, which embraces the concept of majority rule in such instances.

Did the trial court err in adopting the report of the special master which placed title to the church property in the trustees elected

by appellees? We move to address this enumeration of error because, in our opinion, it is dispositive of this appeal.

This lawsuit was brought to quiet title to the church property under the provisions of the 1966 Act. This Act is a special statutory proceeding designed for a specific purpose. The Quiet Title Act was designed to provide a speedy method to determine the title to land. We find no question of title to land involved in this case. The record shows no claim adverse to the deed held by the trustees of the church or any cloud upon the title they hold to the church property. The actual dispute in this case is as to the identity of the lawful trustees of the church. This does not present a question of title to land that can be adjudicated under the provisions of the Quia Timet Act of 1966 (Code Ann. § 37-1411 et seq.). Compare this case with *McGee v. Craig,* 230 Ga. 553 (198 SE2d 165), a recent case involving title to land decided, under these provisions of our law, by this court.

In summary, we conclude that the record affirmatively discloses the present case involves "title" to "trusteeships" in the Bloomfield Church of Christ rather than title to land. Therefore, appellant's enumeration of error urging the trial court "erred in adopting the report of the Special Master" is meritorious. No relief can be granted under the Quia Timet Act of 1966 as the pleadings, evidence and special master's report do not permit a judgment to be rendered thereunder.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1973 — DECIDED JANUARY 7, 1974.

*Hall & Bloch, S. Phillip Brown,* for appellants.
*Anderson, Walker & Reichert, Charles W. Walker,* for appellees.