31809. HEATH et al. v. STINSON et al.

INGRAM, Justice.

The appellants filed a complaint to quiet title under Ga. L. 1966, p. 443 (Code Ann. § 37-1411 et seq.). After the trial court appointed a special master, Stinson et al., filed a petition to intervene, alleging they were the purchasers under a certain contract of sale entered into between them and the appellants. The special master allowed the intervention and granted summary judgment to the intervenors for specific performance of the sales contract after declaring title to be in appellants. The special master's report of his findings and action was approved by the trial court and it entered an appropriate decree in the case.

The appellants, in their first six enumerations of error, contend: (1) that the special master did not have jurisdiction to allow the intervention or to grant summary judgment for specific performance in this action to quiet

title; and (2) that the trial court erred in adopting the special master's report on these issues. The final enumeration of error complains of the denial of a jury trial in the case.

What is the jurisdiction of the special master in a case filed under Code Ann. § 37-1411 et seq.? The Act provides that "the special master shall have complete jurisdiction within the scope of the pleadings to ascertain and determine the validity, nature or extent of petitioner's title and all other interests in said land, or any part thereof, which may be adverse to the title claimed . . ." Code Ann. § 37-1416. The proceedings are filed in rem and are against all persons known or unknown who claim or might claim title adversely to the petitioner. Code Ann. § 37-1411. The Act also provides for an intervention to be filed within 30 days after the trial court's final decree is entered if some person not previously a party in the case claims an interest in the land. Code Ann. § 37-1419. In addition, we note that Code Ann. § 37-1422 provides that this law "shall be liberally construed."

This 1966 legislation creates an efficient, speedy and effective means of adjudicating disputed title claims and was intended by the General Assembly to serve as an additional remedy to other legal and equitable actions. See Code Ann. § 37-1423. Clearly, the intervenors had a sufficient interest in this land adverse to appellants to have their interests adjudicated in this same proceeding and thus avoid a multiplicity of actions involving the land. Code Ann. § 37-801 and annotations thereunder. Cf. *James v. Gainey,* 231 Ga. 543 (203 SE2d 163) (1974), in which this court held no title to land issue was involved in the case.

The special master properly allowed the intervention in this case and considered the claim of the appellees' interest in the land. See Code Ann. §§ 81A-124 and 81A-181. Unless there is a jury trial the special master hears all questions of law and fact. Appellants demanded a jury trial in this case in their answer to the appellees' intervention complaint for specific performance. However, since there were no material issues of fact to be resolved in determining the specific performance claim, it was not error for the special master to pass upon this

feature of the case in addition to the appellants' original complaint. See *Thornton v. REB Properties,* 237 Ga. 59 (226 SE2d 741) (1976); and *Deal v. Dickson,* 231 Ga. 366 (202 SE2d 41) (1973). Cf. *Horner v. Savannah Valley Enterprises,* 234 Ga. 371, 376 (216 SE2d 113) (1975). Although the special master has no power to grant specific performance relief or enter a final judgment of any kind in the case, he is obliged and authorized to report his findings to the superior court judge. Code Ann. § 37-1416. It is the recorded decree of the trial court which binds the land and the parties. Code Ann. § 37-1417. Therefore, even though the special master could not grant a summary judgment for specific performance, his report to the trial court was sufficient to authorize the court to enter the final decree in the case.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., who dissents.*

ARGUED JANUARY 12, 1977 — DECIDED FEBRUARY 14, 1977.

*Charles E. Floyd,* for appellants.
*Starlin, Powell, Hipps & O'Dell, Joseph W. Powell, II, Kelly, Champion, Denney & Pease, Joel O. Wooten, William B. Steis, Jr., Willis & Carter, William C. Carter, Roy D. Moultrie, Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley,* for appellees.

NICHOLS, Chief Justice, dissenting.

The Act authorizing the appointment of a special master to make findings and report to the trial judge does not confer upon him the authority vested in superior courts by the Constitution (Code Ann. § 2-3901) to grant affirmative equitable relief.

It has been held many times by this court that equitable jurisdiction in this state is conferred upon the superior courts and not upon the judges thereof, and that judges sitting in vacation were not courts of equity. Code § 37-101. *Arrington v. Cherry,* 10 Ga. 429 (2) (1851); *Webb v. Hicks,* 117 Ga. 335 (43 SE 738) (1903); *Morehead v. Allen,* 131 Ga. 807 (63 SE 507) (1908); *Powell v. Heyman,* 143 Ga. 728 (85 SE 891) (1915); *Ethridge v. Pitts,* 152 Ga. 1, 8 (108

SE 543) (1921); *Humber v. Garrard,* 205 Ga. 357, 359 (53 SE2d 748) (1949).

To hold that a special master has the authority under the statutory quia timet Act to grant affirmative equitable relief would be an unconstitutional application of the statute. This court has held many times that in interpreting a statute, one of which would be constitutional and one unconstitutional, the constitutional interpretation should be preferred. To allow the special master to clothe himself with the equitable jurisdiction conferred on the superior courts by the Constitution would be an unconstitutional application of the statute.

I respectfully dissent from the judgment of affirmance in this case.